UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:19-cr-74 |
| ) | |
| JUAN FARIAS-CARDENAS, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter is before the court on the Emergency Motion for Release on Pandemic/Health Grounds [DE 62] filed by the defendant, Juan Farias-Cardenas, on April 20, 2020. For the following reasons, the motion is **DENIED.**

*Background*

On June 20, 2019, the Grand Jury indicted the defendant, Juan Farias-Cardenas, for conspiracy to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine (Count I), and attempted possession with intent to distribute five hundred (500) grams or more of a mixture and substance containing a detectable amount of methamphetamine (Count II). *See* (DE 14, Indictment). A Superseding Indictment was returned on February 21, 2020.

Farias was arrested in Las Vegas, Nevada and appeared before Magistrate Judge Nancy J. Koppe for his initial appearance. Judge Koppe appointed counsel for the defendant and conducted a detention hearing. On June 18, 2019, Judge Koppe entered a detention order finding that Farias was both a flight risk and a danger to the community. Farias filed a motion

requesting this court to reconsider detention. The court found that Farias did not present any substantial new evidence, and therefore Farias was not entitled to a second detention hearing.

Farias has filed the instant motion requesting release from pretrial detention due to the ongoing COVID-19 pandemic. Specifically, Farias claims that he has diabetes and cirrhosis of the liver and is especially vulnerable to COVID-19. Farias requests that he be released from pretrial detention and monitored through GPS-location equipment. He indicated that he will reside at home with his wife and family in Las Vegas, Nevada.

On April 23, 2020, the Government filed a response in opposition. The Government argues that (1) Farias is a flight risk and a danger to the community and (2) is not entitled to temporary release. The Government has indicated that due to the strength of its case, Farias poses an extreme flight risk. The instant matter is ripe for ruling.

*Discussion*

When a person has been detained before trial pursuant to 18 U.S.C. § 3142(e), the court "may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." **18 U.S.C. § 3142(i).** In making this determination, factors the court may consider include "(1) the original grounds for the defendant's pretrial detention, (2) the specificity of the defendant's stated COVID-19 concerns, (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant, and (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others." *United States v. Hamlin*, No. 17-cr-175, 2020 WL 1703848, at *5 (E.D. Wis. Apr. 8, 2020) (quoting *United States v. Clark*, No. 19-40068-01, 2020 WL 1446895, at *3 (D. Kan. Mar. 25,

2020)).  The court is not required to weigh these factors equally.  *Hamlin*, 2020 WL 1703848, at *5.  Whether to grant relief pursuant to 18 U.S.C. § 3142(i) is left to the sound discretion of the district court.  *See,* e.g., *United States v. Dillard*, No. 1:19-00362, 2020 WL 1697243, at *2 (S.D. Ind. Apr. 7, 2020).

The first factor for the court's consideration is the original grounds for the defendant's pretrial detention.  A detention hearing was held in the District of Nevada before Magistrate Judge Koppe.  Judge Koppe found that Farias was both a flight risk and a danger to the community.  She indicated that Farias, despite being a naturalized U.S. citizen, possessed a valid Mexican passport.  Moreover, she found that it appeared, from video surveillance and pings from Farias' cell phone, that Farias had shipped methamphetamine from Anaheim, California.  Judge Koppe determined that Farias, who has been charged with a controlled substance offense punishable by ten years or more of imprisonment, had not rebutted the presumption and that there were no conditions or combination of conditions the court could impose that would reasonably assure the appearance of Farias and the safety of the community.  *See* **18 U.S.C. § 3142(e).**

Furthermore, Farias is 53 years old, if convicted, any sentence he may face likely is a potential life sentence, increasing the risk of flight.  Farias indicated that if released he would reside at home with his wife in Las Vegas, Nevada and be monitored by GPS-location equipment.  Because Farias is requesting to reside outside the jurisdiction, the court has no way of knowing that the Probation Department could effectively monitor him if released.  As a result of the COVID-19 pandemic, the resources of the United States Probation Office are presently limited.  Additionally, Farias would have to travel unsupervised from Indiana to Las Vegas.  This increases the risk of flight.  The first factor weighs heavily against release.

The second factor for the court's consideration is the specificity of the defendant's stated COVID-19 concerns. Farias has argued that "because of his diagnosis of diabetes, sclerosis of the liver, and the conditions at the Lake County Jail at Indiana, where there have been several potential cases of COVID-19, necessitates his temporary release on bail until this pandemic has ended." (DE 62, p. 2). Farias has not produced any evidence to support that he suffers from diabetes and cirrhosis.

The third factor that the court considers is the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant. If the court were to release Farias, he would have to travel over a thousand miles to Nevada. As argued by the Government, traveling across the county would increase the likelihood that Farias may come in contact with someone who is neither being monitored by medical staff nor subject to the same screening protocols currently in place at the jail. The Lake County Jail is isolating inmates and restricting movement, taking all precautions it can to reduce the spread of COVID-19. This factor weighs against release.

Finally, the fourth factor considers the likelihood that the defendant's proposed release would increase COVID-19 risks to others. Farias has requested to be released on GPS-monitoring. This would require probation to conduct a home visit to determine whether Farias' house was appropriate to use a location monitoring unit and to set up that unit. This would put the probation officer at risk. Furthermore, the probation department has a limited supply of these monitoring devices, and the courts have been inundated with similar release requests. The fact that a probation officer might be at risk in effectuating a defendant's release on location monitoring may not, standing alone, be a reason not to release a defendant. ***United States v. Hamlin***, 2020 WL 1703848, at *7 (E.D. Wis. 2020). However, since the court has determined

that the other factors weigh against release, and Farias is both a flight risk and a danger to the community, the risk to the probation officer would be unwarranted.  Accordingly, the fourth factor also weighs against release.

The COVID-19 pandemic and Farias' health conditions have not created a compelling reason for his release from detention.  Therefore, the court finds no combination of conditions exist that will reasonably assure the appearance of Farias and the safety of the community.

Based on the foregoing reasons, the Emergency Motion for Release on Pandemic/Health Grounds [DE 62] is **DENIED.**

ENTERED this 27th day of April, 2020.

/s/ Andrew P. Rodovich
United States Magistrate Judge