UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Cause No. 2:19-CR-074-PPS-APR |
| JUAN FARIAS-CARDENAS, | ) |
| Defendant. | ) |

## OPINION AND ORDER

On February 21, 2020, Defendant Juan Farias-Cardenas was charged by superseding indictment with conspiracy and attempted possession with the intent to distribute methamphetamine. [DE 38.] He pled guilty to the charges and on March 10, 2023, I sentenced him to 132 months' imprisonment on both counts, to be served concurrently, followed by a three-year term of supervised release on both counts, also to be served concurrently. [DE 161; DE 167; DE 239; DE 240.] The Bureau of Prisons website (https://www.bop.gov/mobile/find_inmate/byname.jsp) reflects that his projected release date is August 16, 2028.

Farias-Cardenas has filed a *pro se* motion invoking Amendment 821 to the United States Sentencing Guidelines and various grounds for compassionate release pursuant to 18 U.S.C. 3582(c)(1)(A). [DE 242.] Because Farias-Cardenas is not eligible for relief under Amendment 821 and fails to demonstrate any extraordinary and compelling reasons warranting a reduction of his sentence, the motion will be denied.

Initially, Farias-Cardenas asserts that he is entitled to a sentence reduction under Amendment 821. On April 27, 2023, the United States Sentencing Commission voted to create a new § 4C1.1 guideline that: (1) provides a decrease of two offense levels for offenders who did not receive any criminal history points under Chapter Four (Criminal History and Criminal Livelihood) and whose instant offense did not involve specified aggravating factors; and (2) limits the overall impact of "status points" on certain offenders' criminal history by amending § 4A1.1. These changes are generally referred to as "Amendment 821," and they took effect on November 1, 2023. On August 24, 2023, the Sentencing Commission voted to give retroactive effect to Amendment 821. *See* N.D. Ind. Gen. Order 2023-32, available at

https://www.innd.uscourts.gov/sites/innd/files/2023-32.pdf.

A review of the record in this case reflects that Farias-Cardenas cannot seek relief under either prong of the amendment. He pled guilty to Count One of the superseding indictment, charging him with conspiracy with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846, and Count Two of the superseding indictment, charging him with attempted possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(b)(1)(A). [DE 161.] Based upon a total offense level of 37 and a criminal history category of II, the guideline imprisonment range set forth by his PSR was 235 months – 293 months. [DE 236 at 7, 14.] I sentenced Farias-Cardenas well below the

guidelines, to 132 months' imprisonment plus supervised release of three years. [DE 239.]

Farias-Cardenas clearly does not qualify under the new § 4C1.1 guideline that provides a decrease of two offense levels, because that guideline only applies to offenders who did not receive any criminal history points under Chapter Four. The PSR prepared in this case indicates Farias-Cardenas had two total criminal history points, and a criminal history category II. [DE 236 at 8.] He also does not qualify under the amendment to § 4A1.1, which limits the overall impact of "status points" on certain offenders' criminal history. The PSR indicates that Farias-Cardenas did not have any status points that applied under § 4A1.1. *Id.* at 9. In sum, Farias-Cardenas cannot make a showing that he is entitled to relief under Amendment 821.

Turning to the balance of the motion, as amended by the First Step Act, § 3582(c)(1)(A) authorizes a defendant to seek a modification of an imposed term of imprisonment upon a showing that "extraordinary and compelling reasons warrant such a reduction." Before filing a motion under this provision, Farias-Cardenas was required to "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf." 18 U.S.C. § 3582(c)(1)(A). He has satisfied this threshold requirement by submitting a December 4, 2023 letter from the Warden formally denying his request for early release based on his current medical condition. [DE 242-2 at 2.]

However, the motion fails to set forth any basis for me to find "extraordinary and compelling reasons" warrant a reduction of the sentence I previously imposed. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). While I must "consider[] the applicant's individualized arguments and evidence" and have broad discretion in determining what constitutes extraordinary and compelling reasons under the statute, ultimately, the burden is on Farias-Cardenas to establish "'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022); *Newton*, 966 F.3d at 488, 491 (citations omitted).

Initially, Farias-Cardenas seems to believe that he is entitled to a retroactive reduction of his sentence based on a "change in law." [*see* DE 242 at 5–6.] But as previously explained, he is not entitled to relief under Amendment 821. He also asserts that at the time of his sentencing, the "sentencing guidelines were mandatory," and cites this as an extraordinary and compelling reason for his early release. *Id.* That argument is frivolous: the federal sentencing guidelines have not been mandatory for nearly two decades, and as previously explained, I imposed a sentence below the guideline range. *See United States v. Booker*, 543 U.S. 220, 245–46 (2005); *United States v. Robinson*, 435 F.3d 699, 701–02 (7th Cir. 2006).

The crux of Farias-Cardenas' request for compassionate release is that he has underlying health problems and that I should consider the "continuing crisis of COVID-19 as a factor" establishing "extraordinary and compelling reasons" for his early release.

4

[DE 242 at 7.] He has submitted records from medical appointments in 2021, which show that he has liver problems and has been counseled for diet and weight reduction and received medications. [DE 242-2 at 4–6.] The records suggest that to the extent Farias-Cardenas is suffering from a debilitating medical condition, he last sought treatment in 2021 and received care for his ailments. In sum, there is no evidence suggesting that BOP is failing to address urgent or life-threatening medical conditions suffered by Farias-Cardenas.

Moreover, while the motion raises alarm bells about the prevalence of COVID-19 at the prison where Farias-Cardenas currently resides, the records fail to show that Farias-Cardenas is unable to receive or benefit from a vaccine to COVID-19. *See United States v. Clemons*, No. 21-2440, 2022 WL 1436801, at *2 (7th Cir. May 6, 2022) ("Despite the threat of new coronavirus variants, we reiterate that an inmate's risk of COVID-19 cannot justify compassionate release absent an inability to receive or benefit from a vaccine."); *United States v. Broadfield*, 5 F.4th 801, 802–03 (7th Cir. 2021) ("[A] prisoner who remains at elevated risk because he has declined to be vaccinated cannot plausibly characterize that risk as an 'extraordinary and compelling' justification for release. The risk is self-incurred."); *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021). For most prisoners, the availability of a vaccine "makes it impossible to conclude" that the risk of COVID-19 infection is an extraordinary and compelling reason warranting compassionate release. *Broadfield*, 5 F.4th at 803; *United States v. Kurzynowski*, 17 F.4th 756, 760–61 (7th Cir. 2021) ("Vaccinated prisoners in 2021 do not face the same risks of

5

serious illness as they did in 2020."). While there are exceptions, "impossible" is a high bar. *See, e.g., United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022) (upholding denial of compassionate release motion where prisoner cited Type II diabetes, hypertension, and obesity as risk factors for "lethal complications" from COVID-19, finding the request was foreclosed by the availability of an effective vaccine).

     In sum, Farias-Cardenas fails to show that he lacks access to vaccinations against COVID-19 in prison or provided a reasonable medical justification for refusing a vaccine. Nor does he suggest that a vaccine would not be effective to prevent his future infection with COVID-19. Even if he were vaccinated, Farias-Cardenas would further need to demonstrate that "his particular institution is facing a serious outbreak of COVID-19 infections, the institution is unable to successfully contain the outbreak, and his health condition places him at significant risk of complications should he contract the virus." *United States v. Melgarejo*, No. 12-CR-20050, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020). He has failed to do so.

     Given my determination that Farias-Cardenas fails to show extraordinary and compelling reasons justifying his release based on his current medical condition and COVID-19 in the prison where he resides, I do not need to address whether the sentencing factors under 18 U.S.C. § 3553(a) warrant his early release from prison. *Newton*, 37 F.4th at 1207 (citing *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021) (applicable sentencing factors in § 3553(a) need to be considered only if the sentencing judge finds an extraordinary and compelling reason for relief). For completeness, I will

6

note that Farias-Cardenas makes several arguments suggesting that the sentence imposed is not necessary to provide him with "correctional treatment in the most effective manner," including that he has committed to rehabilitation efforts in prison, has family support for life out of prison, and that older offenders are less likely to recidivate. [DE 242 at 8–10.] *See* 18 U.S.C. § 3553(a)(2)(D). While Farias-Cardenas' efforts at rehabilitation in prison are commendable, I am not persuaded that a reduction in sentence would be warranted in light of the factors codified in § 3553(a). Releasing Farias-Cardenas with significant time remaining on his sentence would fail to adequately deter such criminal conduct. *Id.* § 3553(a)(2)(B). Moreover, the below-guideline sentence appropriately reflected the seriousness nature of Farias-Cardenas' illegal drug activity and is necessary to promote respect for laws regulating the possession and sale of controlled substances like methamphetamine, which are a scourge on many communities nationwide. *Id.* § 3553(a)(2)(A). In sum, even if I considered the balance of the sentencing factors, it would not change the outcome in this case.

**ACCORDINGLY:**

Defendant Juan Farias-Cardenas' motion for compassionate release pursuant to Amendment 821 to the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(1)(A) [DE 242] is **DENIED**.

**SO ORDERED**.   /s/ Philip P. Simon
　　　　　　　　　　　　　　　PHILIP P. SIMON, JUDGE
ENTERED: June 17, 2024.   UNITED STATES DISTRICT COURT