UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 2:19-CR-074-PPS-APR |
| ) | |
| JUAN FARIAS-CARDENAS, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

On February 21, 2020, Defendant Juan Farias-Cardenas was charged by superseding indictment with conspiracy and attempted possession with the intent to distribute methamphetamine. [DE 38.] He pled guilty to the charges and on March 10, 2023, I sentenced him to 132 months' imprisonment on both counts, to be served concurrently, followed by a three-year term of supervised release on both counts, also to be served concurrently. [DE 161; DE 167; DE 239; DE 240.] The Bureau of Prisons website (https://www.bop.gov/mobile/find_inmate/byname.jsp) currently reflects that his projected release date is June 2, 2028.

Farias-Cardenas previously filed a *pro se* motion invoking Amendment 821 to the United States Sentencing Guidelines and various grounds for compassionate release pursuant to 18 U.S.C. 3582(c)(1)(A). [DE 242.] Because he was not eligible for relief under Amendment 821 and failed to demonstrate any extraordinary and compelling reasons warranting a reduction of his sentence, in an Opinion and Order entered June 17, 2024, I denied his motion on both grounds. [DE 246.] I further explained that even if

he had demonstrated extraordinary and compelling reasons justifying his compassionate release, I was unpersuaded that early release was appropriate in light of the balance of sentencing factors I must consider under 18 U.S.C. § 3553(a). *Id.* at 6–7.

Farias-Cardenas has since filed a renewed motion for compassionate release pursuant to 18 U.S.C. 3582(c)(1)(A). [DE 248.] There are several issues with the motion. But one of them—Farias-Cardenas' failure to exhaust his administrative remedies in connection with his successive motion for compassionate release—prevents me from reaching the rest on the merits.

Before filing a motion for compassionate release, Farias-Cardenas was required to "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf." 18 U.S.C. § 3582(c)(1)(A). His prior motion attached a December 4, 2023 letter from the Warden formally denying his request for early release based on his "current medical condition." [DE 242-2 at 2.] My prior Opinion and Order noted that this denial permitted Farias-Cardenas to pursue his motion directly with the court. [DE 246 at 3.]

In support of his renewed motion, Farias-Cardenas attaches the same December 4, 2023 letter from the Warden. [DE 248-1 at 2.] He also submits an "Administrative Remedy Appeal" form dated April 25, 2024, which was clearly written in connection with his "first request . . . Dec. 1, 2023." [DE 248-1 at 7.] On the appeal form, Farias-Cardenas wrote to BOP staff that his "administration remedies have remain[ed] unaswer[ed]/silent," and requested that BOP "please step in and order the

2

administration staff at [Terminal Island] to provide treatment or place [him] in home confinement." *Id.* In sum, Farias-Cardenas has not submitted any documentation, beyond the December 4, 2023 letter submitted with his initial motion, reflecting that he has submitted a request to "the Bureau of Prisons to bring a motion on [his] behalf." *See* 18 U.S.C. § 3582(c)(1)(A). Rather, he seeks to take a second bite of the apple by filing a successive compassionate release motion based on the same petition he submitted to the Warden in December 2023.

Prisoners may directly petition the courts for compassionate release through two avenues: (1) by filing a motion after exhausting administrative appeals of the Bureau of Prisons' decision not to file a motion for compassionate release; or (2) by filing a motion after "the lapse of 30 days from the receipt . . . of such a request" by the warden of the prison's facility. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Sanford*, 986 F.3d 779 (7th Cir. 2021) (exhaustion requirement is a mandatory claim-processing rule that "*must* be enforced when properly invoked"). *Sanford* provides that a "defendant must first present his request for compassionate release to the warden and exhaust administrative appeals (if the request is denied)." 986 F.3d at 781–82. To properly exhaust, a defendant must have "present[ed] the *same or similar ground* for compassionate release in a request to the Bureau as in [the] motion to the court." *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021) (emphasis added) (explaining that this requirement gives BOP an opportunity to evaluate issues before they are brought to federal court, streamlining the process).

3

Courts around the country, including in this district, have held that a defendant must exhaust his remedies under this administrative process "*each time* [the] defendant seeks compassionate release." *United States v. Ford*, 2021 WL 5980368, at *1 (N.D. Ind. Dec. 16, 2021) (emphasis added) (citing *United States v. Cain*, 2021 WL 388436 at *4 (D. Maine Feb. 3, 2021) (collecting cases)). These cases persuasively conclude that the plain text of the compassionate release statute requires compassionate release motions to independently satisfy the exhaustion requirement: "Congress used clear language . . . *all* requests for compassionate release must be presented to the Bureau of Prisons before they are litigated in the federal courts." *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020) (emphasis added). *Accord United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2021) (noting that exhaustion ensures BOP has an opportunity to "articulate [its] decision and rationale" concerning a specific request for compassionate release and that courts are "expect[ed] . . . to give [BOP]'s analysis substantial weight"). As prefaced, the nature of this exhaustion is necessarily issue-specific – the Seventh Circuit has held that a defendant cannot exhaust his administrative remedies on one ground and then file a motion in court on different grounds than those raised in the administrative phase. *Williams*, 987 F.3d at 703 ("Thus, because [the defendant] never asked the [Bureau of Prisons] to move the district court for his release based on the presence of COVID-19 at his prison and his risk of infection, his counsel could not properly file a motion for compassionate release on that basis.").

4

I do not casually dismiss Farias-Cardenas' sincere concerns regarding his health conditions and the treatment available to him in the Bureau of Prisons. But my authority to provide the relief he seeks is provided by statute. That statute plainly provides that I "*may not modify* a term of imprisonment" after it has been imposed, "except that" I may do so "upon motion of the defendant *after* the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A) (emphasis added). Farias-Cardenas' December 2023 petition the Warden, which formed the basis for his initial motion for compassionate release, concerned his "current medical condition." [DE 242; DE 242-2.] More specifically, he presented arguments based on his unique health risks from COVID-19 in prison. The new motion he has filed [DE 248] says nothing about the risk he faces from COVID-19 in prison, and instead asserts that he must be released because BOP is denying him access to "life saving medical treatment" and his "health is failing." *Id.* at 5. Because Farias-Cardenas' successive request for compassionate release raises different grounds for relief than those initially presented to and rejected by the Warden in connection with his initial motion for compassionate release, these arguments must be pursued through a new petition for relief from the Warden before he may seek relief in this court.

**ACCORDINGLY:**

Defendant Juan Farias-Cardenas' successive motion for compassionate release

5

[DE 248] is **DENIED** for failure to exhaust his administrative remedies under 18 U.S.C. § 3582(c)(1)(A).

**SO ORDERED**.

ENTERED: August 22, 2024.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT